Commonwealth, Appellant, *v.* De Rose.

Argued March 29, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Paul J. Drucker,* Assistant District Attorney, with him *Arthur R. Makadon,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney,

and *Arlen Specter*, District Attorney, for Common-wealth, appellant.

*Burton A. Rose*, with him *A. Charles Peruto*, for appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

The Commonwealth has appealed from the dismissal by the lower court of indictments charging the appellee with bribery and corrupt solicitation.

The charges arose out of a conversation which allegedly took place between the appellee and Robert Frederick, a former police captain, at the Inner Circle Bar in Philadelphia sometime in January or February of 1970.[1] Appellee was accused of offering Frederick $150.00 a month to "do nothing".[2] No written report of the incident was ever made, but Frederick reported the incident to his superior, Inspector Wong, who told him to take no action.

Frederick was called to testify before a special grand jury on November 22, 1971. He related the incident to the grand jury and appellee was arrested eight days later, approximately twenty-two months after the offense. Indictments were returned on January 24, 1972, alleging that the offense occurred on or about February 1, 1970, a Sunday. The district attorney's bill of particulars stated that the offense took place on February 2, 1970.

---

[1] Fredericks' estimate of the date on which the conversation took place is based on the alleged offer of $450.00 for the three months that Frederick was assigned to the police district. Fredericks had been assigned in late October of 1969. He therefore concluded that the conversation most likely occurred sometime after January 1, 1970, or after the accrual of three months.

[2] Frederick testified, however, that appellee did not request that Frederick refrain from performing any of his official duties in any manner.

At the preliminary hearing, Frederick identified appellee as the person with whom he had the conversation. He was unable to remember the exact words used or the specific date on which the offense took place. Rather, he was only able to state that it occurred in January or February. He testified that three or more people who were not within hearing distance were present when the conversation took place.

In July of 1972, a hearing was held on appellee's motion to dismiss the indictments because of a twenty-two month delay between the incident and appellee's arrest.[3] Appellee testified that he was unable to recall ever having the conversation with Frederick. Nor was he able to remember any of his specific activities during January or February of 1970.

Following the hearing, the lower court, per DELLA PORTA, J., granted appellee's motion to dismiss the indictments. The court found no justification for the delay. It also found that appellee's claimed loss of memory was plausible, and that the delay significantly impaired his ability to defend against the charges. The court reasoned that the difficulty presented to the appellee in answering to an incident occurring twenty-two months before arrest required dismissal of the indictments. We affirm the lower court's order.

The Supreme Court of the United States has recognized that a significant delay between an alleged criminal incident and the first notification to an accused that he will be required to answer for the incident may constitute a denial of due process of law, notwithstand-

---

[3] Appellee also moved to dismiss the indictments on the ground that the prosecution was barred by the applicable statute or limitations of two years. Act of April 6, 1939, P. L. 17, §1, 19 P.S. §211. The Commonwealth's own evidence showed that the offense may have occurred before the date specified in the indictment. If more than seven days prior to the date specified, the prosecution would have been barred regardless of the pre-arrest delay.

ing the fact that indictments are brought within the statutory period. *United States v. Marion,* 404 U.S. 307, 92 S. Ct. 455 (1971); see also, *Nickens v. United States,* 323 F. 2d 808 (D.C. C.A., 1963); *Acree v. United States,* 418 F. 2d 427 (10th Cir. 1969); *United States v. Deloney,* 389 F. 2d 324 (7th Cir. 1968). We recognized this general principle in *Commonwealth v. McCloud,* 218 Pa. Superior Ct. 230, 275 A. 2d 841 (1971), but found no denial of due process under the facts of that case.

The Commonwealth argues that this case is controlled by our decision in *McCloud* which held that where there was an investigative justification for the delay and a strongly corroborated identification of the accused, a substantial showing of prejudice is required before a claimed denial of due process will be sustained. The instant case is readily distinguishable from *McCloud* in that no justification for the delay has been offered, no corroboration of the identification exists, and the prejudice to the appellee is substantial. An examination of these distinguishing factors in the instant case convinces us that the lower court properly sustained the appellee's contention.

Courts which have confronted due process questions of this nature have employed a balancing test in which the need for the delay is measured against the prejudice to the accused's interest in a reliable process of guilt determination. *United States v. Feldman,* 425 F. 2d 688 (3rd Cir. 1970); *United States v. Jones,* 322 F. Supp. 1110 (E.D. Pa. 1971); *State v. Rountree,* 254 A. 2d 337 (N.J.C.C. 1969). This test was approved in *Commonwealth v. McCloud,* supra, at 237, where we gave full recognition and approval to the legitimate police purposes often served by delaying arrests in order to conduct full criminal investigations.

In the instant case, the Commonwealth has offered no justification for the failure of its officers to act

with reasonable promptness. The offense was complete as soon as the conversation took place and an arrest could have been effectuated at that time. There is nothing to indicate that Frederick was involved in an investigation that required the maintenance of a "cover" nor is there any indication that either Frederick or Inspector Wong refrained from arresting the appellee in the furtherance of a larger investigation of bribery and corruption. See, e.g., *Commonwealth v. McCloud*, supra; *State v. Rountree*, supra; *Godfrey v. United States*, 358 F. 2d 850 (D.C. Cir. 1966). As no justification for the delay has been presented, "no weight should be given to the [Commonwealth's] side of the balance." *United States v. Jones*, supra, at 1113.

The mere fact of an unjustified delay, however, is insufficient to justify the dismissal of the charges. Rather, an evaluation of the case against the accused and an examination of the prejudice resulting from the delay must now be made. See *United States v. Jones*, supra.

In the seminal case[4] of *Ross v. United States*, 349 F. 2d 210 (D.C. Cir. 1965), the government's case against the accused consisted of an undercover agent's uncorroborated and weak identification of the defendant as a seller of narcotics. In reversing the conviction because of an unjustified pre-arrest delay, which resulted in the defendant's inability to recall the events

---

[4] A pre-arrest delay of two years was held to be grounds for the direction of a verdict of not guilty in the early English case of *The Queen v. Robbins*, 1 Cox. C.C. 114 (1844). In that case, the court stated: "It is monstrous to put a man on trial after such a lapse of time. How can he account for his conduct so far back? If you accuse a man of a crime the next day, he may be enabled to bring forward his servants and family to say where he was and what he was about at the time; but if the charge not be preferred for a year or more, how can he clear himself? No man's life would be safe if such a prosecution were permitted. It would be very unjust to put him on his trial."

at the time of the alleged offense, the court found that there had been an "undue subordination of appellant's interests which should not, *at least in a record as barren of reassuring corroboration as this one,* result in a sustainable conviction." 349 F. 2d at 212 (emphasis added). In evaluating due process claims of this nature, the courts have focused upon the strength and corroboration of the incriminating identification. *Commonwealth v. McCloud,* supra. In cases denying due process claims, corroboration of the identification or occurrence has been stressed. *Wilson v. United States,* 409 F. 2d 184 (9th Cir. 1969) ; *United States v. Napue,* 401 F. 2d 107 (7th Cir. 1968) ; *Whitted v. United States,* 411 F. 2d 107 (9th Cir. 1969) ; *Tynan v. United States,* 376 F. 2d 761, 763 (D.C. Cir. 1967) ; *Dancy v. United States,* 395 F. 2d 636 (D.C. Cir. 1968). In those cases which found denial of due process, the courts were concerned with the risk of erroneous conviction because guilt determination depended upon the credibility of one witness, which the defendant had been precluded from challenging because of a prearrest delay. *United States v. Jones,* supra, at 1113; *Ross v. United States,* supra, at 213; *United States v. Kleinbard,* 333 F. Supp. 699 (E.D. Pa. 1971).

As the Commonwealth's case against the accused consists of an uncorroborated identification by one witness to an isolated event, an inquiry into whether the appellee has been precluded from challenging that witness' version of the events is necessary.

The appellee has maintained that he does not recall any events or any of his activities occurring so long ago. The lower court found this claim to be credible, and that his loss of memory severely hampered his ability to prepare a defense. While we do not believe that a loss of memory due to passage of time is sufficient, in itself, to bar a criminal prosecution [*United States v. Napue,* 401 F. 2d 107 (7th Cir. 1968)], it is, never-

theless, a factor which is prejudicial to an accused's ability to construct a defense to the charges.[5] *United States v. Ross,* supra; *State v. Rountree,* supra at 345, 346. The facts of the instant case, however, show more than an inability to recall events; rather, sufficient prejudice is present to sustain the lower court's action.

The twenty-two month delay is significantly longer than that involved in the cases previously discussed where due process claims have been denied. Indeed, unjustified delays of far shorter periods of time have been held sufficient to constitute a denial of due process. *United States v. Jones,* supra (5 month delay); *Woody v. United States,* 370 F. 2d 214 (D.C. Cir. 1966) (4 month delay); *Ross v. United States,* supra (7 month delay). The passage of such a period of time during which an accused had no knowledge that criminal charges were to be brought against him, he had no reason to fix in his memory his activity during the period in question to enable him to plead intelligently, to assist counsel, or to assemble evidence of his innocence.

Significantly aggravating this element of prejudice is the fact that due to the delay the Commonwealth is unable to specify with any reasonable certainty the date on which the offense is alleged to have occurred. The appellee is thus faced with over a one month period of accountability. This fact substantially deprives the appellee of any fair opportunity to discover evidence that would indicate that his conduct on the day in question was consistent with his innocence, for the search for

---

[5] Indeed, the inability to recall events occurring so far in the past may virtually preclude the accused from specifying the particular manner in which his ability to defend himself has been prejudiced. *Jackson v. United States,* 351 F. 2d 821 (D.C. Cir. 1965); *Ross v. United States,* supra, at 212; *United States v. Jones,* supra, at 1113; see *Dickey v. Florida,* 398 U.S. 30 (1970) (Brennan, J., concurring).

such evidence must now encompass more than a one month period of time.

The possible existence of such evidence is present in the instant case. The Commonwealth's witness stated that at least three other people were present in the bar at the time of the alleged conversation. He could not recall, however, who they were; nor was he able to remember whether they were employees or customers. Had the Commonwealth's officers acted promptly, it is entirely possible that these witnesses could be located, and that their testimony, if not directly exculpatory, would have at least case doubt upon the credibility of the lone Commonwealth witness. *United States v. Kleinbard,* supra;[6] *United States v. Curry,* 284 F. Supp. 458 (N.D. Ill. 1968). At the very least, there is a "slender hope" that exculpatory evidence was available, and that due to the delay in putting the appellee on notice that he would be held accountable, such evidence became unavailable. *Woody v. United States,* 370 F. 2d 214 (D.C. Cir. 1966) (concurring opinion of McGowen, J.)

Our review of the instant case shows that the delay is totally without justification, and that the effect of the delay has been to substantially deprive the appellee of the ability to defend the charges lodged against him. Under these circumstances, the lower court was fully justified in finding that the appellee has been denied due process of law.

The order of the lower court is affirmed.

WATKINS and CERCONE, JJ., dissent.

---

[6] It is not necessary for the appellee to show that these people would have definitely offered exculpatory evidence. *United States v. Kleinbard,* 333 F. Supp. at 702. It is possible that such witnesses would have also supported appellee's claim that the statute of limitations had run, see fn. 3.