Commonwealth *v.* Butler, Appellant.

284

Argued September 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Kingsley A. Jarvis,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., December 11, 1974:

The defendant, Fred Butler, a guard in Montgomery County Prison, was indicted for assault and battery and aggravated assault and battery of Dennis Keyser, and assault and battery of Joseph Rock, both complainants being prisoners in the institution which employed the defendant. A jury returned a verdict of not guilty of the charges involving Dennis Keyser and guilty of those involving Joseph Rock. Defendant appeals citing a number of alleged trial errors and an excessive sentence. We find these contentions to be without merit for the reasons set forth below and therefore affirm the lower court.

The incident giving rise to this appeal occurred on February 13, 1972, while defendant was performing his duties as a guard in Montgomery County Prison. In this capacity, he addressed some taunting remarks to a prisoner, Dennis Keyser, who had been having difficulty exercising the shower privileges allowed him for assisting in the prison work. The exchange readily flared up into a physical encounter between the two, other guards arrived and the prisoner was forcibly taken to a maximum security confinement cell. In the process of undressing to put on the regulation coveralls, the prisoner received further physical abuse from the defendant in the nature of kicks and blows which was explained as being required to subdue the prisoner. After this was accomplished and the guards were departing, the defendant turned to the other inmates present in the cell and challenged them to say something Joseph Rock responded from a corner, "Freddie, I'm surprised at you." This statement was answered by the defendant with at least one blow. to Joseph Rock. Defendant maintains that he struck Rock because the prisoner had his hands in the air and defendant feared for his own safety. Rock denies raising his hands.

On these facts defendant was found guilty only of simple assault and battery of Joseph Rock. On appeal, the first assignment of error is that the trial judge improperly refused to allow the introduction of evidence concerning the mental condition of the victim. Defendant's counsel attempted to elicit testimony from the victim himself regarding his mental history by asking, on recross examination, "Have you ever been involved in any mental problems?" A general objection was made to this question which was sustained without explanation, and defense counsel made no attempt to describe the nature of the evidence he expected in response.

The crucial determination that a trial judge must make in ruling on the admissibility of evidence of a witness's mental instability is whether it is related to the subject of the litigation or whether it affects the testimonial ability of the witness so as to impeach him.[1] The evidence can be said to affect the credibility of a witness when it shows that his mental disorganization in some way impaired his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to

---

[1] Pennsylvania's position on the introduction of evidence of mental imbalance to discredit a witness who is admittedly competent to testify was first stated in dicta in *Commonwealth v. Kosh*, 305 Pa. 146, 157 A. 479 (1931) : "Mere mental derangement on some matter not connected with the subject of the litigation and not affecting the testimonial ability of the witness is not even to be considered by the jury in determining the credibility of the witness." *Id.* at 156, 157 A. at 482-83. This statement was later reaffirmed as the general rule in *Commonwealth v. Towber*, 190 Pa. Superior Ct. 93, 152 A.2d 917 (1959). Despite the recognition of a general rule of inadmissibility where the mental unsoundness is unrelated to the matter at hand, this Court in *Towber* went on to find reversible error where evidence of a psychopathic mental disorder requiring commitment 7 months prior to a burglary trial, offered to impeach an important witness, was refused.

maintain a clear recollection in the meantime. *See Commonwealth v. Repyneck*, 181 Pa. Superior Ct. 630, 124 A.2d 693, *allocatur refused*, 181 Pa. Superior Ct. *xxiv* (1956).

In the present case there is no indication on the record what, if anything, defense counsel hoped to elicit from the victim Joseph Rock by his allusion to mental problems. Appellant's brief indicates that the testimony was expected to reveal that Joseph Rock had been committed to a hospital for mental treatment for 60 days five months after the episode in question and was discharged one and one-half years before the trial. The lower court's opinion states that he was committed for treatment of a drug problem and depression. Such a difficulty, existing after the incident and significantly before trial, is not of the type that would ordinarily affect the witness's ability to observe, remember, or relate the events which are the subject of this litigation. Counsel has made no attempt to prove that the disorder for which the witness was treated was already in existence on the date in question or that it lingered past his discharge. Since not every indication of mental abnormality is admissible to discredit a witness, these circumstances demonstrate that the trial judge acted properly in excluding this testimony. *Commonwealth v. Kosh,* supra.

Furthermore, the effort to impeach the witness through his psychiatric history was only brought up on recross examination. Although cross-examination is a matter of right, it is within the sound discretion of the trial judge to limit the bounds of proper cross-examination. *A fortiori,* in the case of recross examination, counsel can be prohibited from introducing unexplained areas of questionable validity which he had ample opportunity to bring up before. *Commonwealth v. Romano*, 392 Pa. 632, 141 A.2d 597 (1958). We are un-

able to see, in these circumstances, how failure to allow counsel to explore the past brief commitment of the witness, on recross examination, could constitute reversible error.

Appellant next contends that the refusal of the lower court judge to allow testimony establishing a fifteen month delay between the date of the offense and the date of the arrest constituted prejudicial error.[2] He does not argue that the indictment should be dismissed on the grounds his sixth amendment rights to a speedy trial or his fifth amendment rights of due process are violated by the pre-arrest delay.[3] His position is simply that he should have been allowed to develop the fact of the delay at trial on the chance that the jury might infer (1) that failure by the Commonwealth to prosecute immediately demonstrated the weakness of the case or (2) that the appellant was prejudiced by the lapse of time itself or by hidden factors prompting the delay about which the appellant knew nothing.

The Supreme Court of the United States and the courts of this Commonwealth have recognized that a significant delay between the occurrence of the criminal

---

[2] Appellant also maintains that his case was prejudiced by a number of objectionable questions propounded by the Commonwealth throughout the trial. These questions were objected to and the objections were immediately sustained. We find appellant's argument that the cumulative effect of these questions nevertheless constituted reversible error giving grounds for a new trial entirely without merit. *Harrington v. California*, 395 U.S. 250 (1969) ; *Chapman v. California*, 386 U.S. 18 (1967) ; *Commonwealth v. Diaz*, 438 Pa. 356, 264 A.2d 592 (1970).

[3] In *United States v. Marion*, 404 U.S. 307 (1971), the Supreme Court held that the sixth amendment guarantee to a speedy trial does not apply before a criminal prosecution has begun and the individual who claims its protection has been identified as an "accused" in the course of that prosecution. The delay in the present case occurred before arrest and therefore cannot be raised as a defense on sixth amendment grounds.

event and the identification of the accused may constitute a denial of due process of law, even though it is not in violation of the statutory period for limitations or the sixth amendment right to a speedy trial. *United States v. Marion*, 404 U.S. 307 (1971); *Commonwealth v. De Rose*, 225 Pa. Superior Ct. 8, 307 A.2d 425 (1973). When an accused raises a due process question in conjunction with a pre-arrest delay, the courts have employed a balancing test, weighing the prejudice accruing to the accused by reason of the lapse of time against the need for the delay. *Commonwealth v. De Rose*, supra; *Commonwealth v. McCloud*, 218 Pa. Superior Ct. 230, 275 A.2d 841, *allocatur refused*, 218 Pa. Superior Ct. *lx* (1971). When the scale tips in favor of the accused in such cases, due to the concern of the courts that an erroneous conviction could result from loss of reliable evidence occasioned by the delay, the remedy is dismissal of the indictment. *Strunk v. United States,* 412 U.S. 434 (1973).

In the present case this remedy was not sought. The appellant failed to raise his objection to the delay in pre-trial motions to quash the indictment which would be the procedure ordinarily followed in such a case. *See Commonwealth v. Murray*, 217 Pa. Superior Ct. 307, 272 A.2d 201 (1970); *Commonwealth v. Smihal*, 182 Pa. Superior Ct. 232, 126 A.2d 523 (1956). The only effort to introduce the evidence was made on redirect examination of the appellant. It is well recognized that the extent of redirect examination of a witness is a matter within the discretion of the trial judge. *Commonwealth v. Gomino*, 200 Pa. Superior Ct. 160, 188 A.2d 784, *allocatur refused*, 200 Pa. Superior Ct. *xxix, cert. denied*, 375 U.S. 865 (1963); *Commonwealth v. Jerko*, 98 Pa. Superior Ct. 34, *allocatur refused*, 98 Pa. Superior Ct. *xxv* (1929). That discretion is not abused where an exploration of the question of delay was not necessitated by the cross-examination of this

witness. Furthermore, the appellant advances no proof of prejudice to his cause or advantage to the Commonwealth's case arising as a function of the time lapse. His contention is that where there can be no constitutional objection to the commencement of the prosecution, the accused still retains the right to argue to the jury that the period of time between the offense and the initiation of proceedings against the accused is somehow disadvantageous to his case. We believe that the trial judge acted properly in excluding evidence to support such a speculative argument.

It is further contended by the appellant that prior written statements of the appellant and his witnesses were allowed into evidence without the cautionary instruction of the trial judge that they were to be used for impeachment purposes alone. Initially we note that the statements were admitted at trial with the approval of appellant's counsel and no qualifying instructions were requested either at the time of their introduction or in the charge to the jury. Failure to object to the admission of evidence at trial forecloses our consideration of the issue on appeal. *Commonwealth v. Williams,* 458 Pa. 319, 326 A.2d 300 (1974); *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974). Appellant argues that even though there was no objection to the admission of the evidence or to the failure of the trial judge to give cautionary instructions regarding it, the error was so fundamental as to require reversal. However, the concept of fundamental error has been rejected as a ground for reconsideration of alleged trial errors by an appellate court when proper objections to the errors were not made at trial. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *see also Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

The final issue appellant presents for our consideration is the alleged excessiveness of the sentence. Appel-

lant was found guilty of assault and battery of an inmate of a prison in which he was a guard. The maximum statutory sentence he could receive for this offense is a fine of $1,000.00 and a 2 year term of imprisonment.[4] The judge in this case imposed a sentence of a $200.00 fine and a term of imprisonment of one to 18 months. An appellate court's review of a sentence claimed to be excessive is limited to instances where the sentence imposed exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment. Any sentence imposed which does not transgress these bounds is within the sole discretion of the sentencing judge. *Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973). The sentence in the instant case is certainly within the limits prescribed by statute. It is argued that had the factors recommended in the comment to Pa. R. Crim. P. 1405 been given appropriate weight, a more lenient sentence would have been suggested. This commentary in no way controls the discretion of the judge in matters of sentencing, and even in view of its guidelines the sentence reached in this case can in no way be considered excessively severe.

Judgment of sentence affirmed.

---

[4] Act of June 24, 1939, P.L. 872, §708, *repealed:* Act of December 6, 1972, P.L. 1482, §5.