421 A.2d 1147
COMMONWEALTH of Pennsylvania
v.
Stephen DeMARCO, Appellant.
Superior Court of Pennsylvania.
Submitted Dec. 6, 1979.
Filed Aug. 22, 1980.

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*
WICKERSHAM, Judge:

In September of 1976, Dale "Bill" Walls, age 19, was arrested on a charge of burglary, and being unable to post bail, was committed to the Delaware County Prison. He was placed in "B" Block—Cell 13. According to his sworn testimony in the trial of Stephen DeMarco,[1] Walls was returning from breakfast on December 12, 1976, when he was confronted by DeMarco and another prisoner named Fumano, grabbed by them and pushed into a cell. They were joined by another prisoner named Rush, a co–defendant, whereupon the victim was punched and beaten. He was then partially stripped of his clothing and sexually assaulted. When finally released he made immediate complaint to prison guards and filed a written report.

DeMarco was arrested and charged with simple assault, involuntary deviate sexual intercourse, forcible compulsion and criminal conspiracy. Following a jury trial before the Honorable John V. Diggins, he was found guilty of all three charges on July 20, 1977. Post–verdict motions were filed, heard and dismissed and the appellant, DeMarco, was sentenced to a term of imprisonment of from one to three years.

We have before us the direct appeal with the defendant being represented by the assistant public defender, who replaced defendant's private trial counsel. Four alleged errors are asserted which we will consider seriatim.[2]

## I.

■ The first contention of the defendant is that he was prejudiced by the fact that he was arrested two and one–

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, is sitting by designation.

1. (N.T. 11 et. seq.)

2.     *"STATEMENT OF QUESTIONS INVOLVED*

*"I. WHETHER THE LOWER COURT ERRED IN DENYING APPELLANT'S PRETRIAL PETITION TO DISMISS THE INFORMATION ON THE BASIS THAT A TWO AND ONE HALF MONTH*

half months after the offense occurred. His point being that the lapse of time caused difficulty in establishing an alibi defense and because of the transient nature of his fellow inmates it was difficult for him to garner his witnesses.

The legislature has determined certain periods of limitation for various offenses and specifically has provided that a prosecution relating to involuntary deviate sexual intercourse must be commenced within five years after it is committed. Section 108 of the Crimes Code provides:

"(a) Murder.–A prosecution for murder of the first degree or of the second degree may be commenced at any time.

"(b) Other offenses.–Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:

(1) A prosecution for any of the following offenses under this code must be commenced within five years after it is committed:

*DELAY BETWEEN THE ALLEGED OFFENSE AND THE ARREST PREJUDICE THE APPELLANT?*

Answered in the negative by the Lower Court.
*"II. WHETHER THE PROSECUTION MADE SUFFICIENTLY PREJUDICIAL REMARKS IN THE CLOSING STATEMENT TO REQUIRE A NEW TRIAL?*

Answered in the negative by the Lower Court.
*"III. WHETHER THE LOWER COURT ERRED IN REFUSING TO GRANT THE APPELLANT A NEW TRIAL OR AT LEAST A HEARING ON APPELLANT PETITION THAT THERE WAS AFTER DISCOVERED EVIDENCE IN THE NATURE OF WITNESSES TO WHOM THE ALLEGED VICTIM HAD SPOKEN DENYING ANY CRIME HAD BEEN COMMITTED?*

Answered in the negative by the Lower Court.
*"IV. WHETHER THE LOWER COURT ERRED IN FAILING TO GRANT A MISTRIAL WHEN SEVERAL JURORS LEARNED THE APPELLANTS ASSOCIATION WITH THE WARLOCK MOTORCYCLE GANG AND PREVIOUS CONVICTION OF MANSLAUGHTER IN A NEWSPAPER ARTICLE DURING THE TRIAL?*

Answered in the negative by the Lower Court."
(Appellant's Brief, Page 2)

Section 3123 (relating to involuntary deviate sexual intercourse)

Section 3301 (relating to arson and related offenses)

Section 3502 (relating to burglary)

Section 3701 (relating to robbery)

Section 4101 (relating to forgery)

Section 4902 (relating to perjury)

(2) A prosecution for any other offense under this code must be commenced within two years after it is committed."

1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. § 108.

In the case of *Commonwealth v. McCloud*, 218 Pa.Super. 230, 275 A.2d 841 (1971), opinion by Judge, now President Judge Cercone, the defendant, McCloud, made a pre–trial motion to dismiss the indictments against him. He contended that the delay from the time of the alleged first sale of narcotics, August 8, 1966, to the day of his arrest, April 3, 1967, was in violation of his constitutional right to a speedy trial under the Sixth Amendment, and to due process of law under the Fifth Amendment of the Constitution of the United States, as applied to the states through the Fourteenth Amendment. Defendant, McCloud, was relying heavily on the opinion of the United States Court of Appeals for the District of Columbia in *Ross v. United States*, 349 F.2d 210 (D.C.1965), holding that the pre–arrest delay of seven months was, in that case, violative of the defendant's constitutional rights.

The *Ross* decision was based on a situation not here present, and not present in the *McCloud* case, namely on the weakness of the identification testimony which consisted solely of the testimony of one police officer who had no personal recollection of the incident in question, having participated in a substantial number of virtually identical transactions in a short period of time during which he had only one brief encounter with the defendant.

As we said in *McCloud*, "all of the cases subsequent to *Ross* clearly interpret that decision as applicable only to its

particular fact situation and not controlling where the identification testimony is strong and definite." *Commonwealth v. McCloud, supra*, 218 Pa.Super. at 233, 275 A.2d at 843.

In the present case Walls had been a fellow inmate with appellant, DeMarco, in the Delaware County Prison, identified him without reservation at trial and no issue of identification was presented at the trial.

Appellant, DeMarco, however, points to our opinion in *Commonwealth v. De Rose*, 225 Pa.Super. 8, 307 A.2d 425 (1973), opinion by Judge Hoffman, in which case we affirmed the dismissal by the lower court of indictments charging the appellee with bribery and corrupt solicitation. The Commonwealth appealed. In *De Rose* the appellee was arrested twenty–two months after the offense. At a hearing on appellee's motion to dismiss the indictments because of the twenty–two month delay between the incident and his arrest, he testified that he was unable to recall ever having had a conversation with one Robert Frederick, a former police captain, who was the Commonwealth's principal witness. The lower court, in dismissing the indictments found no justification for the delay. It also found that appellee's claimed loss of memory was plausible and that the delay significantly impaired his ability to defend against the charges. In *De Rose*, we said:

"The Supreme Court of the United States has recognized that a significant delay between an alleged criminal incident and the first notification to an accused that he will be required to answer for the incident may constitute a denial of due process of law, notwithstanding the fact that indictments are brought within the statutory period. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); see also, *Nickens v. United States*, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963); *Acree v. United States*, 418 F.2d 427 (10th Cir. 1969); *United States v. Deloney*, 389 F.2d 324 (7th Cir. 1968). We recognized this general principle in *Commonwealth v. McCloud*, 218 Pa. Super. 230, 275 A.2d 841 (1971), but found no denial of due process under the facts of that case.

\*     \*     \*     \*     \*     \*

"Courts which have confronted due process questions of this nature have employed a balancing test in which the need for the delay is measured against the prejudice to the accused's interest in a reliable process of guilt determination. *United States v. Feldman,* 425 F.2d 688 (3rd Cir. 1970); *United States v. Jones,* 322 F.Supp. 1110 (E.D.Pa.1971); *State v. Rountree,* 106 N.J.Super. 135, 254 A.2d 337 (N.J.C.C.1969). This test was approved in *Commonwealth v. McCloud,* supra, at 237, where we gave full recognition and approval to the legitimate police purposes often served by delaying arrests in order to conduct full criminal investigations.

\*   \*   \*   \*   \*   \*

"The mere fact of an unjustified delay, however, is insufficient to justify the dismissal of the charges. Rather, an evaluation of the case against the accused and an examination of the prejudice resulting from the delay must now be made. See *United States v. Jones, supra.*"
*Id.,* 225 Pa.Super. at 10–12, 307 A.2d at 427.

We have employed the balancing test referred to hereinabove as applied to the facts of the instant case and we agree with the lower court that the delay period was comparatively slight and that no prejudice has been shown to have resulted to the appellant, DeMarco. The mere assertion of prejudice is not enough to warrant dismissal of the informations. No delay of two and one–half months has been held sufficient to constitute a denial of due process. *United States v. Jones,* 322 F.Supp. 1110 (E.D.Pa.1971) (five month delay); *Woody v. United States,* 370 F.2d 214 (D.C. 1966) (four month delay).

## II.

Appellant's second contention is that the prosecution made prejudicial remarks in the closing statement as to require a new trial.

We have carefully examined the closing arguments of counsel as set forth in the record. (N.T. 164–165.) The

proper test is set forth in *Commonwealth v. Anderson*, 490 Pa. 225, 415 A.2d 887, 1980, wherein Chief Justice Eagen said:

"We have repeatedly said the district attorney is a quasi–judicial officer representing the Commonwealth, and his duty is to seek justice, not just convictions. See *Commonwealth v. Mayberry*, 479 Pa. 23, 387 A.2d 815 (1978); *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977). The district attorney must limit his remarks to facts in evidence and legitimate inferences therefrom. *Commonwealth v. Mayberry*, supra; *Commonwealth v. Gilman*, supra; *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973); *Commonwealth v. Principatti*, 260 Pa. 587, 104 A. 53 (1918). The district attorney may not ask the jury to draw unwarranted deductions from the evidence. *Commonwealth v. Touri*, 295 Pa. 50, 144 A. 761 (1929). During summation, the district attorney must present the facts in a manner which allows the jury to dispassionately and objectively evaluate the testimony in a sober frame of mind and which produces a verdict warranted by the evidence, not one inspired by emotion. *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974). Finally, we have condemned remarks by the district attorney which stigmatize a defendant."

We have examined the remarks of the District Attorney closely and find no error. What was said in *Commonwelath v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975), is pertinent:

"But even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. *Commonwealth v. Crittenton*, 326 Pa. 25, 31, 191 A. 358 (1937); *Commonwealth v. McHugh*, 187 Pa.Super. 568, 577, 145 A.2d 896 (1958). The language must be such that its "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). See also *Commonwealth v. Myers*, 290 Pa. 573, 139 A. 374 (1927). The effect of such remarks depends upon the

atmosphere of the trial, *Commonwealth v. Dickerson,* 406 Pa. 102, 110, 176 A.2d 421 (1962); *Commonwealth v. Del Giorno,* 303 Pa. 509, 519, 154 A. 786 (1931), and the proper action to be taken is within the discretion of the trial court. *Commonwealth v. Silvis,* 445 Pa. 235, 237, 284 A.2d 740 (1971); *Commonwealth v. Simon,* supra. Viewing the remarks complained of as inspired, at least in part, by the conduct of defense counsel, we conclude the trial court did not abuse its discretion in refusing to declare a mistrial."

III. and IV.

We have carefully reviewed the briefs and the record as relates to the third and fourth issues raised by appellant and we find no merit in either.

Judgment of sentence is affirmed.

Being of the view that the issue of prosecutorial misconduct warrants the grant of a new trial, EAGEN, J., dissents.