455 A.2d 691

**COMMONWEALTH of Pennsylvania**

v.

**Bobby LYNN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 28, 1982.

Filed Jan. 21, 1983.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

440

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

WICKERSHAM, Judge:

On September 26, 1978, Officer Clarence Harvey, an undercover narcotics officer, approached appellant who was seated in a double-parked white Datsun station wagon in the vicinity of the 4800 blocks of Westminster and Wyalusing Avenues near St. Bernard Avenue in Philadelphia.

Q Now, Officer Harvey, I'm going to direct your attention, if I may, to September the 26th, 1978. You were a Philadelphia Police Officer?

A Yes, I was.

. . . .

Q On that date, and in conjunction with your official capacity, did you have occasion to come into contact with Bobby Lynn, the defendant in this case?

A That's correct.

. . . .

I observed a white Datsun station wagon double-parked in this block.

I pulled up behind the station wagon, got out, and approached the operator. I asked the operator if he was Bobby, and he stated that he was. I then asked him if I could get a $25 bag, meaning a $25 bag of heroin. He then said, "Yeah. Follow me."

I then got back into my car, and I followed him to the 4800 block of Wyalusing Avenue, where he parked. He then signalled for me to come to him, and I got out of my vehicle and walked up to his auto. He then asked me to give him the money. I then handed him a 20-dollar bill and a ten-dollar bill. The serial numbers were prerecorded before leaving the Narcotic Unit. He then handed me

a five-dollar bill and a glazed paper packet, containing a white powder.

Record at 6–8.

On January 24, 1979, at the conclusion of his undercover assignment, Officer Harvey arrested defendant at his residence.

Defendant was charged with knowingly or intentionally possessing a controlled substance and with manufacture, delivery or possession with intent to manufacture or deliver a controlled substance, as set forth in Information No. 317, March Term 1979. Defendant's pre-trial motion to dismiss the information on the basis of pre-arrest delay was denied by the Honorable Nicholas A. Cipriani.

On November 21, 1979, the Honorable Marvin R. Halbert, sitting without a jury, found defendant guilty of both charges. On January 16, 1980, post-verdict motions were denied and defendant was sentenced to three years probation. This appeal followed.[1]

In *Commonwealth v. Daniels*, 480 Pa. 340, 390 A.2d 172 (1978), our supreme court considered appellant's claim that the delay between the victim's death and appellant's arrest constituted a deprivation of due process of law.

At the outset, we note that appellant's claim is not directed toward a denial of his Sixth Amendment right to a speedy trial after arrest.... Rather, this claim is concerned with a deprivation of due process of law under the Fourteenth Amendment by reason of a delay between the commission of an alleged criminal offense and the accusation of the defendant by means of complaint or indictment. This distinction was made clear in *United*

---

1. Appellant frames the question involved as follows:

Should not the Motion to Dismiss the Information on the grounds of deliberate pre-arrest delay have been granted where the appellant was denied due process by the unjustifiable delay of over three months between the alleged occurrence of a single transaction and appellant's arrest, and that delay deprived appellant of his memory of his whereabouts on the date in question and thus hamstrung the preparation of his defense against an uncorroborated identification of questionable reliability, which was based on a single observation.

Brief for Appellant at 2.

*States v. Marion*, 404 U.S. 307, 313–21, 92 S.Ct. 455, 459–463, 30 L.Ed.2d 468, 474–79 (1971). The *Marion* Court further noted that statutes of limitation do not provide the sole protection for one who complains of delay prior to formal accusation, and that "the Due Process Clause ... would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to [defendants'] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused."

. . . .

*Marion* was further elucidated in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In that case, the defendant was able to demonstrate that two witnesses assertedly material to his defense had died during a preindictment delay. The Court, however, rejected his claim "that due process bars prosecution whenever a defendant suffers prejudice as a result of preindictment delay." 431 U.S. at 789, 97 S.Ct. at 2048, 52 L.Ed.2d at 758–59. Instead, it held that an inquiry into the prosecution's reasons for the delay is not required until a claim of prejudice to the accused is made out.

> "[*Marion*] establishes only that proof of actual prejudice makes a due process claim concrete and ripe for adjudication, not that it makes the claim automatically valid ... *Marion* makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim ..."

*Id.* 480 Pa. at 353–54, 390 A.2d at 179.

*See also Commonwealth v. DeMarco*, 281 Pa.Super. 62, 421 A.2d 1147 (1980), where we said:

> The first contention of the defendant is that he was prejudiced by the fact that he was arrested two and one-half months after the offense occurred. His point being that the lapse of time caused difficulty in establish-

ing an alibi defense and because of the transient nature of his fellow inmates it was difficult for him to garner his witnesses.

. . . .

'Courts which have confronted due process questions of this nature have employed a balancing test in which the need for the delay is measured against the prejudice to the accused's interest in a reliable process of guilt determination. *United States v. Feldman*, 425 F.2d 688 (3rd Cir.1970); *United States v. Jones*, 322 F.Supp. 1110 (E.D.Pa.1971); *State v. Rountree*, 106 N.J.Super. 135, 254 A.2d 337 (N.J.C.C.1969). This test was approved in *Commonwealth v. McCloud*, supra, [218 Pa.Super.] at 237 [275 A.2d 841 (1971)] where we gave full recognition and approval to the legitimate police purposes often served by delaying arrests in order to conduct full criminal investigations.

\* \* \* \* \* \*

The mere fact of an unjustified delay, however, is insufficient to justify the dismissal of the charges. Rather, an evaluation of the case against the accused and an examination of the prejudice resulting from the delay must now be made. See *United States v. Jones*, *supra*.'

*Id.* [*Commonwealth v. DeRose*] 225 Pa.Super. [8] at 10–12, 307 A.2d [425] at 427.

We have employed the balancing test referred to hereinabove as applied to the facts of the instant case and we agree with the lower court that the delay period was comparatively slight and that no prejudice has been shown to have resulted to the appellant, DeMarco. The mere assertion of prejudice is not enough to warrant dismissal of the informations. No delay of two and one-half months has been held sufficient to constitute a denial of due process. *United States v. Jones*, 322 F.Supp. 1110 (E.D.Pa.1971) (five month delay); *Woody v.*

*United States,* 370 F.2d 214 (D.C.1966) (four month delay).

*Id.* 281 Pa.Super. at 63–64, 67, 421 A.2d at 1148, 1150. *Cf. Commonwealth v. Linder,* 284 Pa.Super. 327, 425 A.2d 1126 (1981) (delay period of sixty-six days did not result in any prejudice to appellant and is not sufficient to constitute a denial of due process) and *Commonwealth v. Grey,* 292 Pa.Super. 460, 437 A.2d 765 (1981), (a 41-day delay between the narcotic transaction and the date of arrest not prejudicial).

At a hearing held before Judge Cipriani on April 27, 1979, Bobby Lynn testified:

Q. On September 26th, 1978 did you sell anything, drugs or anything else to a police officer Clarence Harvey?

A. No, I didn't.

Q. Did you sell drugs or anything else to any police officer?

A. No, sir.

Q. Did you sell them to anybody?

A. No, sir.

Q. Sir, on September 26, 1978 or a month or two before, or a month or two after, were you employed?

A. No, sir.

Q. Were you attending school?

A. Yes, sir.

Q. Were you attending every day?

A. Every other day.

Q. When you did attend school, what time did you finish school?

A. One o'clock.

Q. In the afternoon?

A. Yes.

Q. Do you know whether you attended school on September 26, 1978?

A. Well, not at the present. I don't think I was absent.

Q. Sir, whether or not you were attending school that date or the day before or day after, were you in school at 6:35 p.m.?

A. No, sir, school lets out at 2:30.

Q. Were you ever at school until around 6:35 or six o'clock in the evening on September 26, or on the day before or after, anything like that?

A. No.

Q. Sir, do you own a car?

A. Yes, sir.

Q. What kind of car is it?

A. A '72 Datsun.

Record at 17–18.

No testimony was presented by appellant at such hearing which would have shown actual prejudice to have resulted from the delay period. Hence, an inquiry into the prosecution's reasons for the delay is not required. Be that as it may, Judge Cipriani fully considered the prosecution's reasons for the delay at the hearings held April 27, 1979 and June 15, 1979. Appellant fails either *Marion* requirement for a due process claim.

We agree with Judge Halbert's conclusion set forth in his opinion dated March 10, 1982, wherein he said:

In assessing Officer Harvey's testimony the court found his identification of the defendant to be strong and positive, and made independently. The court also found that the delay between the offense and arrest did not affect the officer's ability to identify the defendant. Harvey testified than when the defendant removed his cap, he immediately recognized him, especially when he noticed the scar over the defendant's eye. Additionally, the use of a long term undercover operation was reasonable police conduct in this case. Accordingly, the court found the prejudice, if any, was outweighed by the reasonableness of this particular investigation.

The issue of pre-arrest delay was argued and the pre-trial motion was denied by the Honorable Nicholas

Cipriani, who also filed Findings of Fact and Conclusions of Law. Based on the foregoing discussion this court agreed with Judge Cipriani's conclusion that the delay was justified and, accordingly, denied defendant's post trial motion relating thereto.

No other issues were raised by the defendant on post trial motions.

In summary, this court is satisfied that the combined weight and volume of the Commonwealth's evidence in the case at bar fully supports the defendant's conviction. Likewise, this court, upon careful review of the entire record finds no harmful, prejudicial, or reversible error and nothing to justify the granting of defendant's post trial motions. The sentence should stand accordingly.

Lower ct. op. at 4.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.