**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeffrey William Cole, Appellant.

Appellate Case No. 2016-001451

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2019-UP-053
Submitted January 1, 2019 – Filed February 6, 2019

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Sherard*, 303 S.C. 172, 174, 399 S.E.2d 595, 596 (1991) ("[T]he scope of cross-examination is within the trial [court]'s discretion, and [our

appellate courts] will not interfere absent a showing of prejudice by the complaining party."); *State v. Gillian*, 360 S.C. 433, 451, 602 S.E.2d 62, 71 (Ct. App. 2004) ("[T]rial [courts] retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about . . . prejudice, confusion of the issues . . . , or interrogation that is repetitive or only marginally relevant."); Rule 402, SCRE ("Evidence [that] is not relevant is not admissible."); *United States v. Lopez*, 611 F.2d 44, 45 (4th Cir. 1979) ("[M]any psychiatric problems or fixations [that] a witness may have had are without any relevancy to the witness'[s] credibility. . . ."); *id.* (stating the inquiry into whether testimony regarding an individual's mental impairment is relevant should focus on "whether the witness'[s] mental impairment is related to 'his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime'" (quoting *Commonwealth v. Butler*, 331 A.2d 678, 680 (Pa. Super. Ct. 1974))); *id.* ("One's psychiatric history is an area of great personal privacy [that] can only be invaded in cross-examination when required in the interests of justice . . . .  [C]ross-examination of an adverse witness on [such] matters . . . , if of minimal probative value, is manifestly unfair and unnecessarily demeaning of the witness."); *id.* ("Courts should have the power to protect witnesses against cross-examination that does little to impair credibility but that may damage their reputation, invade their privacy, and assault their personality." (quoting 28 Charles Alan Wright & Kenneth W. Graham, *Federal Practice and Procedure* § 6164, at 401 n.83 (2d ed. 2012))); *State v. Turner*, 373 S.C. 121, 129-31, 644 S.E.2d 693, 698-99 (2007) (finding the trial court did not abuse its discretion in limiting the cross-examination of a witness regarding her schizophrenia diagnosis and related medications because the witness's diagnosis and medications were irrelevant to her ability to recall the events and the defendant was not unfairly prejudiced).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.