418 A.2d 561

**COMMONWEALTH of Pennsylvania**

v.

**Tyrone OGLESBY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1979.

Filed Jan. 25, 1980.

588

Lewis S. Small, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Judge:

On December 10, 1977, a jury convicted appellant of murder of the third degree and possession of an instrument of crime. After denying post-verdict motions, the trial court sentenced appellant to consecutive terms of imprisonment of 10 to 20 years for murder and 2½ to 5 years on the weapons charge. Appellant contends that (1) the trial court erred in seating 8 jurors who stated that they were not opposed to imposing a sentence of death, when, after selection of the jurors, the Pennsylvania Supreme Court struck down the state death penalty provision; (2) the trial court improperly allowed a Commonwealth witness to testify that another

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania is sitting by designation.

witness had selected appellant's photograph from an array; (3) the trial court erred in allowing the Commonwealth to introduce the photograph the witness allegedly selected; (4) the trial court erred in prohibiting him from impeaching a witness by establishing the circumstances of a crime for which he had been convicted; (5) the Commonwealth introduced evidence indicating that appellant had a criminal record; and (6) the prosecutor improperly expressed his opinion that appellant was guilty. We affirm.

Appellant contends that the trial court should have excused 8 jurors because they had stated that they were not opposed to imposition of a death penalty in all circumstances. When appellant was charged with murder, in June, 1977, capital punishment was a possible sentence for conviction of murder of the first degree. During voir dire, veniremen were asked if they were unalterably opposed to capital punishment in all circumstances and the trial court excused those who stated that they were so opposed. After 8 jurors were selected through such questioning, the Supreme Court decided *Commonwealth v. Moody*, 476 Pa. 223, 382 A.2d 442 (1977), cert. denied, 438 U.S. 914 (1978), declaring unconstitutional the state death penalty provision. Appellant requested the trial court to discharge the 8 jurors selected and start voir dire anew. The trial court denied the request.

█ Appellant contends that the presence of the 8 jurors on his panel produced a jury prone to conviction. Appellant's argument is without merit. *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975); *Commonwealth v. Speller*, 445 Pa. 32, 282 A.2d 26 (1971). Accordingly, it is irrelevant that the Supreme Court decided *Commonwealth v. Moody*, supra, during voir dire in appellant's trial.[1]

Appellant argues that the trial court improperly allowed a Commonwealth witness to testify that another witness had

1. Appellant also claims that the trial court improperly allowed the Commonwealth too many challenges for cause. He did not raise this issue in post-verdict motions and the post-verdict court did not consider it. Consequently, the issue is not preserved for review. Pa.R.Crim.P. 1123(a); *Commonwealth v. Carrillo*, 483 Pa. 215, 395 A.2d 570 (1978).

selected appellant's photograph from an array and to permit the jurors to see the photograph the witness allegedly selected. Shortly after the crime, the police showed an array of photographs to Karl Mercer, an eyewitness, and asked him if he saw one of the killer. He selected appellant's picture. Later, he also picked appellant out of a lineup. At the suppression hearing, Detective Lamont Anderson, who conducted the array, stated that a certain picture of appellant was the one he had shown. The picture, however, was dated several days subsequent to the array and, therefore, could not have been available for the display. When the suppression hearing resumed the next day, Anderson produced a second picture of appellant taken a year and a half before the incident. He explained that the police had actually shown this photograph to Mercer and that he had accidentally retrieved the later photograph from the file in which both were kept.

At trial, appellant cross-examined Mercer, eliciting testimony that Anderson had shown him several photographs and that he had seen a picture of appellant before he selected appellant in the lineup. Detective Anderson then testified that he had shown 7 photographs to Mercer and that Mercer had selected appellant's. Appellant objected to this testimony. On cross-examination, appellant attempted to impeach Anderson by establishing that the photograph of appellant which Anderson thought he had shown Mercer did not exist at the time of the array. The trial court warned appellant that his questions were opening up an area that might hurt his defense, but appellant persisted. On redirect, Anderson testified, over objection, that he had shown Mercer the photograph of appellant taken a year and a half before the incident. The trial court, over objection, also permitted the jurors to see the photograph in order to determine whether the image resembled appellant sufficiently to allow Mercer to have made an identification from it. On the photograph appeared the date, number and appellant's name and address. A portion containing the arrest charge was cut away, the picture was never referred

to as a mug shot or an arrest photograph and no mention was made that appellant had been previously arrested or convicted.

■ Reference to police photographs from which a juror could reasonably infer that the accused engaged in previous criminal activity is error. *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). It was appellant, however, who established on cross-examination of Mercer that the police had shown him an array of photographs and that Mercer had seen a photograph of appellant before he viewed the lineup. If the jurors could reasonably infer from police possession of appellant's earlier picture that appellant had engaged in previous criminal activity, the source of the inference was appellant's cross–examination. Moreover, his questioning left the erroneous impression that the police had shown Mercer appellant's photograph unaccompanied by any others, when in fact Mercer had seen 7 at that time. Anderson's testimony on redirect corrected the false impression appellant raised. Thus, Anderson's testimony can be viewed either as a product of appellant's own strategy, of which he cannot complain, see *Commonwealth v. Foreman*, 248 Pa.Super. 369, 375 A.2d 142 (1977); *Commonwealth v. Lockart*, 277 Pa.Super. 503, 322 A.2d 707 (1974), or, if error, as harmless in view of the facts elicited by appellant from Mercer. See generally *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

■ Similarly, the trial court did not err in permitting the jurors to view the photograph shown to Mercer. Appellant's cross-examination of Anderson raised a question of whether the array included a photograph from which Mercer could have identified appellant. The manner in which the photograph was presented did not suggest that appellant, because the police had the picture, had a previous criminal record. Again, admission of the picture was either proper in view of appellant's tactics or, if error, harmless.

■ Appellant asserts that the trial court improperly prevented him from impeaching a Commonwealth witness.

When Franklin Saunders, an eyewitness, testified for the Commonwealth, the prosecutor established on direct examination that he had been convicted of murder and other charges unrelated to appellant's case. On cross-examination, appellant attempted to read from the indictment charging Saunders with murder to reveal the circumstances of the incident underlying the charge. The trial court properly prohibited this line of questioning. When a defendant is impeached through introduction of prior convictions, only the name, time, and place of the crime and the punishment received may be entered. *Commonwealth v. Jones*, 250 Pa.Super. 98, 378 A.2d 471 (1977). The same rule applies for witnesses other than defendants. See McCormick, Handbook of the Law of Evidence § 43 at 88 (2d ed. Cleary).

Appellant contends that the Commonwealth introduced testimony indicating that he had a criminal record. Saunders and Mercer testified that two men were involved in the killing and one addressed the other as "Horse" and "Pretty Horse." The Commonwealth presented two officers who had worked for some years in gang and juvenile details in appellant's part of town. Both testified that they knew appellant and that his nicknames were "Horse" and "Pretty Horse." Appellant objected to this testimony. Appellant testified that he had never been called "Pretty Horse" and had given up the nickname "Horsie" years earlier. A defense witness corroborated appellant's testimony, stating that he had never heard anyone refer to appellant as either "Horse" or "Pretty Horse."

■ Neither officer testified that he had met appellant through police work or had heard of him in gang activities or other criminal acts. Each stated only that he had worked in appellant's neighborhood for years and knew appellant and the names by which he was called. This testimony was probative of appellant's identity as one of the killers and did not reasonably raise an inference that appellant had a criminal record. See *Commonwealth v. Adams*, 476 Pa. 91, 381 A.2d 882 (1977); *Commonwealth v. Black*, 464 Pa. 604, 347 A.2d 705 (1975).

■ Finally, appellant argues that the prosecutor, in summation, improperly expressed his opinion that appellant was guilty. The prosecutor's closing argument was not transcribed. At its conclusion, appellant objected that the prosecutor had expressed his opinion of guilt by arguing that the evidence was overwhelming or proved guilt beyond a reasonable doubt. Although unable to recall the prosecutor's exact words, the court agreed that he had spoken to that effect.[2] The prosecutor's argument was not prejudicial. He did not express his personal opinion that appellant was guilty, see *Commonwealth v. Pfaff*, 477 Pa. 461, 384 A.2d 1179 (1978); rather, he permissibly argued that the evidence proved guilt beyond a reasonable doubt. See *Commonwealth v. Wilcox*, 316 Pa. 129, 173 A. 653 (1934).

Judgments of sentence affirmed.

---

2. Although the statement to which appellant objected does not appear in the record, we may consider the issue in these circumstances. See *Commonwealth v. Hughes*, 477 Pa. 180, 188–189 ns.2 & 3, 383 A.2d 882, 886–887 ns.2 & 3 (1978); *Commonwealth v. Loar*, 264 Pa.Super. 398, 399 A.2d 1110 (1979).