416 A.2d 452

COMMONWEALTH of Pennsylvania

v.

Ramon Perez DETRE, Appellant.

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided July 3, 1980.

246

Glenn C. Vaughn, York, for appellant.

John C. Uhler, Dist. Atty., Sheryl Ann Dorney, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from an order in the Court of Common Pleas, York County, denying relief under the Post Conviction Hearing Act.

Appellant, Ramon Perez Detre, was convicted by a jury of murder of the first degree. Post-verdict motions were denied and appellant was sentenced to life imprisonment. This Court, finding that appellant's only issue had been waived, affirmed the judgment of sentence. *Commonwealth v. Detre,* 462 Pa. 344, 341 A.2d 112 (1975).

Appellant filed a petition under the Post Conviction Hearing Act, alleging that he had been denied the effective assistance of trial counsel. Following an evidentiary hearing, the P.C.H.A. Court denied appellant's petition. The propriety of said denial is the substance of the instant appeal.

The facts are as follows: On December 30, 1972, appellant shot and killed Raphael Rivera in a public street in the City of York. Mr. and Mrs. Elwood Dapp witnessed the shooting

from their house. Although the Dapps testified at appellant's preliminary hearing, they failed to appear at trial despite having been served with Commonwealth subpoenas. Appellant's trial counsel and the York County District Attorney agreed to read Mr. Dapp's preliminary hearing testimony into the trial record. Counsel, however, never requested a continuance to secure the Dapp's presence at trial.

On direct appeal, appellant alleged that the trial court had erred in proceeding with the trial when Mr. and Mrs. Dapp had failed to appear. We held, however, that the issue had been waived because of trial counsel's failure to request a continuance. *Commonwealth v. Detre, supra.*

In the instant P.C.H.A. petition, appellant has alleged that trial counsel was ineffective for failing to preserve the issue of the Dapps' non-appearance at trial for appellate review. At the hearing held pursuant to the petition, appellant's trial counsel testified that he had not subpoenaed the Dapps because both had been served with a subpoena issued by the Commonwealth. When Mr. and Mrs. Dapp failed to appear, to the surprise of both the Commonwealth and the defense, the District Attorney sent members of his staff to find the pair. Shortly thereafter, it was learned that the Dapps were out of state on vacation. As it was the next to the last day of the criminal division trial term in York County, appellant's trial counsel realized that a continuance would, in all probability, be denied. Counsel thus considered that his best alternative would be to read into the record the testimony of Mr. Dapp from appellant's preliminary hearing.[1] As trial counsel testified on cross examination:

"Q. [Assistant District Attorney]

---

1. Mr. Dapp's testimony was crucial to appellant because Dapp had testified that prior to the killing, he had witnessed an argument between the principals. Dapp was not able to identify appellant as the man who shot the victim. The only other eyewitness, a friend of the victim's, testified that appellant, without provocation, shot the victim. Thus, Mr. Dapp's version of the incident may well have been sufficient to convince the jury that the crime did not rise to murder of the first degree.

At what point did you make the decision to enter Mr. Dapp's testimony into the record of the preliminary hearing?

"A. Sometime . . . my recollection now is after the first witness completed his testimony, her testimony, I don't know who the next witness was, but after the trial proceeded to a certain point, I believe it was Terry but somebody came back and said to Mr. Fitzkee, Mr. Dapp's not here, he won't be here, he's gone on vacation out of state, he's gone.

"Q. I'm correct in assuming in your judgment, you felt it would be proper to enter that testimony of the preliminary hearing into the record?

"A. I didn't think I had any choice. I felt I was boxed in. The man hadn't shown up. I wanted him there. I hadn't subpoenaed him. I hadn't done anything. The man was under subpoena. He chose not to show up. It was unavoidable. I wasn't entitled to a continuance. I needed him. I just thought, what can I possibly do to make the best out of the situation.

"Q. And so you did in fact what you thought was best in the situation as trial attorney?

"A. Yes.

"Q. Looking at all the facts?

"A. Yes.

"Q. Based on the trial at that time, you did what you felt was best for your client which was reading the preliminary testimony into the record?

"A. I felt it was a poor alternative but it was better than none.

"Q. And that was your judgment at that time for his best interest?

"A. Yes."

Based on this record, appellant claims that trial counsel was constitutionally ineffective. We do not agree.

In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–353 (1967) we stated:

". . . our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Footnote omitted.) (Emphasis in original.)

Using this standard, we find that appellant's trial counsel was indeed effective, as counsel's own testimony showed that a reasonable basis existed for not requesting a continuance and having Dapp's preliminary hearing testimony read to the jury.

As counsel knew that the trial term was to have ended the next day, he was positive that the trial court would refuse the continuance. Further, and much more importantly, counsel felt that reading Dapp's testimony was a reasonable alternative, under the circumstances, which would effectuate appellant's interest. Even though requesting a continuance may well have been a better alternative, *Washington* requires only that the alternative used was reasonable. Believing that counsel's choice was reasonable, we find his representation provided appellant was effective.

Order affirmed.

ROBERTS, J., files a dissenting opinion in which EAGEN, C. J., joins.

NIX, J., files a dissenting opinion in which EAGEN, C. J., joins.

ROBERTS, Justice, dissenting.

I dissent. Appellant claims trial counsel was ineffective for failing to obtain the testimony at trial of a Mr. Dapp. It

is clear, as the majority opinion itself states, that "Mr. Dapp's testimony was crucial to appellant . . . [and] may well have been sufficient to convince the jury that the crime did not rise to murder of the first degree." Majority opinion at 453 n. 1. Moreover, trial counsel admitted at the PCHA hearing, in testimony quoted by the majority, that when Mr. Dapp did not appear at trial, trial counsel concluded that he could not seek a continuance in order to obtain the missing witness's appearance because of his own failure to subpoena Mr. Dapp. Though counsel did try to make the best of a bad situation by introducing the testimony given by Mr. Dapp at the preliminary hearing, there is no doubt, as trial counsel's testimony indicates, that this witness's appearance at trial was crucial to appellant's defense. Because trial counsel's own neglect prevented him from effecting his own fundamental trial strategy, I must conclude that counsel was ineffective. Accordingly, I would grant appellant a new trial.

EAGEN, C. J., joins this opinion.

NIX, Justice, dissenting.

In my judgment, trial counsel's representation in this case was indeed ineffective; and, therefore, I cannot agree with the majority's rejection of appellant's claim.

Concededly, the testimony of Mr. Dapp's was critical to the success of the case of the defense. Under these circumstances, it was inadequate preparation for the defense to rely upon the Commonwealth to take the necessary steps to assure that witness's presence at trial. Nor do I believe that he can now assert his dereliction in subpoenaing or taking other efforts to assure the presence of the witness as an excuse for not seeking a continuance when it became apparent that the witness would not be present. I believe that the following excerpt from the testimony of trial counsel during the post conviction hearing in this matter virtually concedes ineffectiveness.

"Q. Based on the trial at that time, you did what you felt was best for your client, which was reading the preliminary testimony into the record?

A.   I felt it was a poor alternative but it was better than none."

In effect, this testimony states that because of counsel's inadequate efforts to assure the witness's presence, his client's position was appreciably weakened.   I cannot conclude, as the majority does, that this type of representation satisfies constitutional standards of advocacy.

EAGEN, C. J., joins in this opinion.