437 A.2d 765

COMMONWEALTH of Pennsylvania,

v.

Thomas GREY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 9, 1981.

Filed Nov. 30, 1981.

Petition for Allowance of Appeal Denied Feb. 5, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Mary Ann E. Cox, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant Thomas Grey was convicted before the Honorable Lisa Richette, sitting without a jury, of two counts of delivery of a controlled substance. Following denial of post-verdict motions and sentencing, he filed this direct appeal. We affirm.

The charges against Appellant arose out of two separate sales of methamphetamine hydrochloride to undercover police officer Jerome Harris. Appellant and Officer Harris were initially introduced, on March 22, 1979, by one Evelyn Lewis, a police informant. At that time, Appellant sold one-half ounce of methamphetamine to Officer Harris. Miss Lewis witnessed this transaction. About two months later, on May 23, 1979, a second sale took place which Miss Lewis did not witness. Appellant was arrested on July 3, 1979.

■ Appellant's first contention on this appeal is that the Commonwealth, in addition to disclosing the identity of Miss Lewis, had a duty to produce her in court. This claim is without merit. The cases cited by Appellant deal only with disclosure of an informant's name and whereabouts prior to trial, or with production of an informant where the infor-

462

mant was the *sole* eyewitness. See, e. g., *United States v. Jones*, 492 F.2d 239 (3d Cir. 1974). In the instant case Miss Lewis's identity was disclosed to Appellant as was her last known address. In addition, the court and Officer Harris attempted to locate Miss Lewis in November of 1979, the time of Appellant's hearing on his formal motion to produce her. Thus, the Commonwealth revealed as much information as it had and was under no duty to physically produce Miss Lewis. *Commonwealth v. Manley*, 252 Pa.Super.Ct. 77, 380 A.2d 1290 (1977). Also, Appellant has not shown that Miss Lewis's testimony would even be helpful to him, as is required for the court to order disclosure. *Commonwealth v. Pritchett*, 225 Pa.Super.Ct. 401, 312 A.2d 434 (1973). Miss Lewis witnessed only one of the two transactions and could not have been helpful to Appellant as to the second sale. Appellant did claim there were witnesses to the second transaction, however, he did not call any of them, which tends to refute any claim of prejudice Appellant might make. *Commonwealth v. Snyder*, 254 Pa.Super.Ct. 186, 385 A.2d 588 (1978).

 Appellant also contends that the 41-day delay between the second transaction and the date of arrest constitutes a deprivation of due process of law under the Fourteenth Amendment. It is clear that a defendant is entitled to relief under the Due Process Clause only if he is prejudiced by the delay and if the purpose of the delay is to gain a tactical advantage over him. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). The length of the delay is irrelevant as long as there is no statute of limitations problem. *Commonwealth v. Daniels*, 480 Pa. 340, 390 A.2d 172 (1978) (delay of over six years). In the few cases sustaining a claim of this nature, the defendant showed a significant loss of memory and a concomitant inability to discover witnesses, an inability of the government's witness to testify from memory and a complete lack of justification for the delay. *Commonwealth v. DeRose*, 225 Pa.Super.Ct. 8, 307 A.2d 425 (1973); *Ross v. United States*, 349 F.2d 210 (D.C. Cir. 1965). As we noted above, we

do not believe Appellant's inability to obtain the testimony of Miss Lewis was prejudicial to him. Appellant makes no other claim of lost witnesses, loss of memory or anything else that would show the actual prejudice required. *Commonwealth v. Daniels, supra.* Therefore, we must reject this claim.

Affirmed.

SPAETH, J., concurs in the result.