439 A.2d 182

**COMMONWEALTH of Pennsylvania,**

v.

**Richard Lee BARNETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1981.

Filed Dec. 29, 1981.

---

Richard L. Shoap, Chambersburg, for appellant.

Gary Deane Wilt, District Attorney, McConnellsburg, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

In 1975, appellant was convicted of several crimes including one count of resisting arrest. In 1976, he was given a suspended sentence for two years and placed on probation on the resisting arrest charge. In June, 1979, appellant was found to be in violation of the terms of his probation on the

basis of a guilty plea to a robbery charge which he entered during the probationary period. He was sentenced in August, 1979 for the probation violation. He then petitioned the lower court for vacation of that sentence; the petition was denied on September 6, 1979. Appellant now seeks review of that September 6 order. We quash the appeal.

Appellant termed the pleading in which he requested vacation of sentence a "Petition to Vacate." It was effectively a motion to modify sentence. The relief sought by appellant is properly requested by means of such a motion. See Pa. Rule Crim.Proc. 1410 and Comment. See also, *Commonwealth v. Dorman*, 272 Pa.Super. 149, 414 A.2d 713 (1979), footnote two, in which this court applied Rule 1410 to a motion to vacate sentence.

Appellant commenced this action by filing a notice of appeal on October 5, 1979. If the appeal were properly taken from the denial of his motion, it would be timely filed. However, the Comment to Pa. Rule Crim.Proc. 1410 makes clear that appellant's appeal in which he seeks review of the merits of his conviction is properly from the judgment of sentence, not the denial of the motion. The Comment states in part,

> ... [T]he filing of a motion for modification of sentence ... do[es] not affect the running of the thirty day period for filing a timely notice of appeal, and the need for the defendant to file his appeal (both as to the merits of the case or as to the sentence) within that period.

The present appeal was begun more than thirty days after the judgment of sentence was entered. The denial of appellant's petition does not extend the 30 day period. See *Commonwealth v. Thompson*, 277 Pa.Super. 267, 419 A.2d 765 (1980).

Appeal quashed.