452 A.2d 1039

**COMMONWEALTH of Pennsylvania**

v.

**Ronald KAUFMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 26, 1981.

Filed Nov. 12, 1982.

William J. Furber, Jr., Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and McEWEN, JJ.

McEWEN, Judge:

We here consider an appeal from the conviction of appellant by a jury of possession of a controlled substance and possession of a controlled substance with intent to deliver.[1] The appellant was sentenced by the learned Montgomery County Common Pleas Court Judge Mason Avrigian to pay a fine of $5,000 and to serve a term of imprisonment of from five years to ten years. We affirm.

The evidence presented by the Commonwealth included testimony by an enforcement agent that he paid $1,000 to appellant and in return for this payment received from appellant a white substance which a chemist later identified as cocaine.

Appellant asserts "the verdict was against the evidence and the weight thereof" and that, therefore, the trial court

1. 35 P.S. § 780–113(a)(16) and (30).

erred when it denied the motions of appellant for a new trial and an arrest of judgment. As we reiterated in *Commonwealth v. Barnhart,* 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981), a court will not grant a new trial on the ground that the verdict was against the weight of the evidence unless the verdict of the jury was such as to shock our sense of justice. Our study of the record compels the conclusion that the jury performed its duty in quite proper fashion. It might even be said that this contention of appellant is frivolous in view of the fact that the testimony of the enforcement agent regarding the delivery and the payment was uncontradicted by the defense.

■ As for the contention of appellant that the evidence was insufficient, we held in *Commonwealth v. Anderson,* 265 Pa.Super. 494, 402 A.2d 546 (1979), that the uncorroborated testimony of the police officer who positively and unequivocally identified the appellant as the individual who sold him a quantity of heroin was sufficient to prove the appellant guilty of selling heroin in violation of The Controlled Substance, Drug, Device and Cosmetic Act.[2] Likewise, in *Commonwealth v. Lane,* 236 Pa.Super. 462, 345 A.2d 233 (1975), we held that the uncorroborated testimony of an undercover agent was sufficient evidence upon which to base convictions for possession and delivery of controlled substances.

In *Commonwealth v. Anderson, supra* 265 Pa.Super. at 499, 402 A.2d at 548, we stated:

'Proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction.' *Commonwealth v. Hickman,* 453 Pa. 427, 430, 309 A.2d 564, 566 (1973). Where a witness' opportunity to identify the accused is good and his identification remains positive and unshaken even after cross-examination, his testimony is clearly sufficient proof of identity. *Id. Accord, Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954).

2. Act of April 14, 1972, P.L. 233, No. 64, § 1 *et seq.,* as amended, 35 P.S. § 780–101 *et seq.*

Therefore, it is clear that the positive and uncontroverted identification provided by the enforcement agent of appellant as the individual who sold him the cocaine is sufficient proof of the identity of the appellant as the person who unlawfully sold the contraband. We believe that the evidence produced by the Commonwealth at trial was sufficient to allow the case to go to the jury for a determination by their verdict of whether the appellant was guilty beyond a reasonable doubt.

■ Appellant next claims it was error for the trial judge to deny the demurrer to the bill of information. The Second Count of the information charges, "That on the same day and year, in said county, the above defendant(s) did unlawfully, knowingly or intentionally possess a controlled or counterfeit substance." The Fifth Count charges, "That on the same day and year, in said county, the above defendant(s) did feloniously manufacture, knowingly create, deliver or possess with intent to manufacture or deliver, a controlled substance or counterfeit controlled substance classified in Schedule I, II or III." The description of the charges against appellant failed to allege that appellant was not authorized to possess the controlled substance. Appellant contends (1) that the bill of information, by reason of that omission, is defective insofar as the charge of a controlled substance is concerned and (2) there was no evidence produced that related to a counterfeit substance.

We reject this claim of error. This court made clear in *Commonwealth v. Sojourner,* 268 Pa.Super. 488, 408 A.2d 1108 (1979), that the Commonwealth has the burden of proving nonlicensure in cases involving The Controlled Substance, Drug, Device and Cosmetic Act only when the defendant comes forward with credible evidence that he is licensed to possess the controlled substance. *Commonwealth v. Minoske,* 295 Pa.Super. 192, 441 A.2d 414 (1982). Appellant rested without presenting any testimony or evidence of any type. The court properly refused to sustain the demurrer.

Appellant further asserts that the court erred when it determined that certain Commonwealth exhibits were admissible, namely, two exhibits that actually contained the pertinent illegal substances and two certificates from the pertinent agencies of the Commonwealth that appellant was not authorized to manufacture, distribute, sell, prescribe or possess controlled substances.

Appellant contends the prosecution failed to properly establish the chain of custody of the two exhibits containing the contraband since the prosecution did not present as a witness a certain technician who was responsible for the delivery of the substances from the evidence locker to the laboratory. This court has in the past rejected such a contention. We held in *Commonwealth v. Herman,* 288 Pa.Super. 219, 431 A.2d 1016 (1981) that the testimony of a custodian who had handled the evidence in the crime lab was not necessary to establish the chain of custody. The Commonwealth is not required to produce every person who came into contact with the evidence nor is it necessary to prove there was no possibility of tampering. *Commonwealth v. Snyder,* 254 Pa.Super. 186, 385 A.2d 588 (1978); *Commonwealth v. Rick,* 244 Pa.Super. 33, 366 A.2d 302 (1976). Rather, it is sufficient that the Commonwealth presents sufficient evidence to establish by a reasonable inference that the identity and condition of the exhibits remain unimpaired. *Commonwealth v. Miller,* 234 Pa.Super. 146, 339 A.2d 573 (1975), *aff'd.,* 469 Pa. 24, 364 A.2d 886 (1976).

Nor do we accept the contention that the two certificates of non-licensure were inadmissible hearsay. The admissibility of these certificates is governed by 42 Pa.C.S.A. § 6103(b) which provides:

A written statement that after an examination of the records of the government unit no record or entry of a specified tenure is found to exist in the records designated by the statement, authenticated as provided in sub-section (a), is admissible as evidence that the records contain no such records or entry.

The authentication requirement referred to therein, namely § 6103(a), provides in part:

The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of his office . . .

Since the signatories of the certificates have official duties as agents of their governmental department and since each of these exhibits is impressed with the official seal of the governmental department, the exhibits were properly admitted by the trial court as evidence that appellant was not authorized to distribute or possess the controlled substance.

Appellant proceeds to assert that the following statement of the assistant district attorney expressed during closing argument was an expression of the personal belief of the prosecutor and was, therefore, a basis for the mis-trial:

From the evidence, there can be no doubt of the defendant's guilt of the crime of possession of a controlled substance.

It is clearly established that the prosecutor may not assert his personal opinion and that any statement during closing argument must be limited to facts in evidence and to legitimate inferences from those facts. *Commonwealth v. Smith,* 490 Pa. 380, 416 A.2d 986 (1980). The prosecutor may, however, argue to the jury that the evidence establishes the guilt of the defendant and that certain facts in evidence are conclusive of such guilt. *Commonwealth v. Oglesby,* 274 Pa.Super. 586, 418 A.2d 561 (1980). We are of the view that the statement in question was a valid statement of persuasion and was not improper. The court properly denied the motion of appellant for a mis-trial based upon that statement.

Appellant contends the sentence of the court, namely, the term of imprisonment from five to ten years and a $5,000 fine, was unduly harsh and excessive. A timeless principle of this area of the law is that appellate courts are reluctant to intrude upon the sentencing discretion of the trial court

and normally leave the sentence undisturbed because the trial court is in a far better position to weigh the factors involved in such a determination. This discretion has, however, been circumscribed by not only judicial decisions but also by the sentencing code (42 Pa.C.S.A. § 9701 *et seq.*) and by the Rules of Criminal Procedure.

The Pennsylvania Supreme Court in *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976) mandated that the court must, in a sentencing determination, consider the character of the defendant as well as the circumstances of the offense. The Sentencing Code (42 Pa.C.S.A. §§ 9721 through 9726) provides several possible dispositions for criminal offenses as well as guidelines for the sentencing court to consider as it selects the sentence for imposition. Both the Sentencing Code (42 Pa.C.S.A. § 9701 *et seq.*) and *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) have provided a mandate that the sentencing court state on the record the reasons for the sentence; and this court has held that when determining whether the sentencing judge has abused his discretion by imposing a manifestly excessive sentence, we must review the reasons expressed by the judge for the sentence imposed. *Commonwealth v. Valentin,* 259 Pa.Super. 496, 393 A.2d 935 (1978).

■  Our review of the record compels the conclusion that the trial court observed all of the procedural requirements placed upon it. The court had sufficient and accurate information concerning both the offenses as well as the character and background of the defense, including a presentence report; the court evaluated this information; the court heard from both counsel for appellant and the appellant himself; and the court provided a clear expression of the reasons for the sentence. We cannot say the sentence of the court was excessive.

■  We also reject the contention of appellant that the maximum legal sentence was a term of imprisonment of from two and one half years to five years. While that is the maximum sentence for the first such offense, the record

clearly reflects that appellant had earlier been convicted of a distribution offense. The court is authorized by statute, specifically 35 P.S. § 780–115(a), to impose upon a second offender a sentence that is double the maximum sentence for a first offender. Therefore, the sentence imposed was legal.

Appellant concludes his argument with the contention that trial counsel for appellant was ineffective. The record reflects there was a twelve week delay between the date of the sale of the contraband by appellant and the arrest of appellant for that sale. Appellate counsel argues that this lapse of time was an unnecessary and unreasonable delay that prejudiced the ability of appellant to conduct a proper defense so that appellant was thereby deprived of due process of law. Appellate counsel asserts that trial counsel was ineffective by reason of a failure to file a pre-trial motion to quash the instant information based upon this deprivation of due process.

When we study a claim of ineffectiveness, we must first determine whether the claim is of arguable merit. Only if the underlying claim is of arguable merit do we proceed to consider whether the strategy chosen by trial counsel has some reasonable basis designed to effectuate the interest of his client. *Commonwealth v. Evans*, 489 Pa. 85, 94, 413 A.2d 1025, 1028 (1980). We find that the underlying claim lacks arguable merit and we need not, therefore, proceed to conduct the second inquiry since counsel may not be deemed to be ineffective for a failure to raise a meritless claim. *Commonwealth v. Penn*, 497 Pa. 232, 439 A.2d 1154, 1162, *cert. denied, Penn v. Pennsylvania*, 456 U.S. 980, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1981); *Commonwealth v. Henry*, 295 Pa.Super. 47, 54, 440 A.2d 1215, 1219 (1982).

When an accused relies upon an excessive delay between the date of the crime and the date of his arrest as a basis for a claim that he has been deprived of due process, he must demonstrate both that he has been prejudiced by the delay and also that the purpose of the delay was to gain a

tactical advantage over him. *Commonwealth v. Grey,* 292 Pa.Super. 460, 437 A.2d 765 (1981); *See United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). The competing notions during a study of a claim of prejudice are the right of a defendant to identification testimony which is trustworthy and the right of the public for effective law enforcement. *Commonwealth v. McCloud,* 218 Pa.Super. 230, 235, 275 A.2d 841, 844 (1971).

In the instant case appellant argues that, as a result of the failure of trial counsel to raise this issue of delay, the record is insufficient to permit this court to study the question of whether appellant was prejudiced by the delay. Contrary to the assertions of appellant that the record is inadequate, the evidence at trial is quite adequate to allow our consideration of this issue.

The issue of delay was discussed in *Commonwealth v. Barnes,* 237 Pa.Super. 407, 352 A.2d 107 (1975) where this court held that a six month delay between the criminal behavior and the arrest was not unreasonable where there was a certain identification of the accused by the undercover agent, even though the identification was uncorroborated. A review of the record in the instant case makes clear that the enforcement agent testified with certainty as to all the details of the drug sale to which both he and appellant were parties and that the agent had met appellant prior to the meeting when the sale was completed. We conclude that the testimony of the enforcement agent was based upon his independent recollection and rule that appellant was not prejudiced by any lapse of time. As a result, we need not proceed to consider whether the delay was impermissible by reason of a design to gain a tactical advantage. Since, therefore, the underlying claim of appellant lacks arguable merit, trial counsel may not be deemed to be ineffective.

Judgment of sentence affirmed.