461 A.2d 853

**COMMONWEALTH of Pennsylvania**

v.

**Edward MOYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1983.

Filed June 17, 1983.

Gilbert E. Toll, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

Edward Moyer was tried nonjury and convicted of burglary, criminal trespass and conspiracy. His post verdict motions were denied, and Moyer was sentenced to concurrent terms of imprisonment for not less than one (1) nor more than three (3) years on the convictions for burglary and conspiracy. In this direct appeal from the judgment of sentence, Moyer complains (1) that he was required to submit to fingerprinting in open court in violation of his constitutional rights and (2) that trial counsel's failure to seek suppression of oral statements constituted ineffectiveness. These contentions are lacking in merit; and the judgment of sentence, therefore, will be affirmed.

While on routine patrol in the Mount Airy section of the City of Philadelphia, Police Officers John LaCon and John DeLoach observed the shadows of two men leaving the rear of Black's Meat Market through an open door. As the officers approached, the men went back into the market and slammed the door. Shortly thereafter, a plate glass window in the front of the store was shattered by a barstool

thrown through it. A third policeman, Officer Anthony Vivino, observed two black males leave the market through the broken window. Vivino took one of the men into custody; the other ran in the opposite direction and eluded him. A description of the second man was broadcast over police radio, and an individual fitting the given description was quickly found by Officers LaCon and DeLoach at a point three blocks from the scene. He was walking rapidly in a direction away from the market, was sweating profusely and had shards of glass in his hair. Following preliminary questioning, the man, identified as Edward Moyer, was returned to the scene. There he was identified immediately by Officer Vivino. At trial, the three police officers were unable to identify appellant, whose appearance had changed dramatically because of the growth of a beard and long hair. The Commonwealth then called a fingerprint expert who compared file fingerprints taken from Edward Moyer following apprehension on the night of the incident with fingerprint impressions taken from appellant at trial. The expert demonstrated that the two sets of prints belonged to the same person.

"Fingerprint evidence is a non-testimonial means of identification to which the Fifth Amendment Self Incrimination Clause does not apply." *Commonwealth v. Jefferson*, 445 Pa. 1, 8, 281 A.2d 852, 856 (1971). "[T]he privilege against self-incrimination 'protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature * * *.' *Schmerber v. State of California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The prohibition is not 'an exclusion of [defendant's] body as evidence when it may be material.' *Holt v. United States*, 218 U.S. 245, 253, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910)." *United States ex rel. O'Halloran v. Rundle*, 266 F.Supp. 173 (E.D.Pa.), *aff'd*, 384 F.2d 997 (3d Cir.1967), *cert. denied*, 393 U.S. 860, 89 S.Ct. 138, 21 L.Ed.2d 128 (1968).

It was essential that the Commonwealth establish that appellant was the individual who had been apprehended

following the incident at Black's Meat Market. When traditional means of identification proved unavailing, the Commonwealth was compelled to use other means for establishing appellant's identity. The comparison of fingerprints was a proper means for doing so. The fingerprinting of appellant in open court before the trier of fact was not inflammatory or prejudicial so as to render appellant's trial unfair. A similar procedure, in which a fingerprinting of the defendant had taken place in the presence of the jury, was held unobjectionable in *United States ex rel. O'Halloran v. Rundle, supra.* The result cannot be otherwise where, as here, the fingerprinting procedure was conducted before a judge sitting as trier of fact without a jury. See also: *Commonwealth v. Jefferson, supra* 445 Pa. at 7–8, 281 A.2d at 855–856 (trial judge had sufficient justification to order defendant to submit during trial to recording of his fingerprints in order to establish identity with prints taken from the vehicle in which the homicide occurred). Indeed, it is difficult to comprehend how appellant could have been prejudiced unfairly merely because fingerprints taken during trial were shown to belong to the same person whose prints had been taken at the time of the crime.

■ Appellant's claim of ineffective assistance by trial counsel is patently frivolous. Represented on appeal by new counsel, appellant argues that trial counsel erred in failing to move for the suppression of oral statements purportedly used against appellant at trial. An examination of the record, however, discloses that no statements were in fact admitted into evidence at trial. On the contrary, the record discloses that appellant made no inculpatory statement at the time of his arrest. Where, as here, there was no inculpatory statement subject to being suppressed, it is readily apparent that a suppression motion would have been futile. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. Therefore, appellant's allegation of ineffectiveness must be rejected. See: *Commonwealth v. Penn,* 497 Pa. 232, 247, 439 A.2d

1154, 1162 (1982); *Commonwealth v. Kaufman*, 307 Pa.Super. 63, 73, 452 A.2d 1039, 1044 (1982).

The judgment of sentence is affirmed.