478 A.2d 26

COMMONWEALTH of Pennsylvania

v.

Joseph R. GRANT, Appellant.

COMMONWEALTH of Pennsylvania

v.

Joseph Rovene GRANT, Appellant.

Superior Court of Pennsylvania.

Argued March 27, 1984.

Filed June 8, 1984.

Jeffrey Toaltoan, Philadelphia, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WIEAND and McEWEN, JJ.

McEWEN, Judge:

▇▇▇▇ This is a direct appeal undertaken after appellant was found guilty by a jury of robbery, theft, simple and aggravated assault, recklessly endangering another person, terroristic threats, possession of an instrument of crime, possession of a weapon and criminal conspiracy. The distinguished Judge Samuel W. Salus II sentenced appellant to serve a term of imprisonment of from five to ten years for robbery and a term of probation of five years for conspiracy to commence upon his release from prison on the robbery conviction. Appellant, represented by new counsel on appeal, raises allegations of ineffectiveness of not only his pre-trial counsel but also of his trial counsel, and presents, as well, arguments concerning the rulings of the trial court. While the trial judge properly rejected the post-trial motions of appellant, we are compelled to remand for an evidentiary hearing on one issue of ineffectiveness.[1]

The charges arose from an attack by two men upon a 22 year old woman as she alighted from her automobile in a shopping area. One robber brandished a knife as he grabbed the victim from behind and pushed her to the ground with threats to cut and rape her. When his accomplice was unable to open the locked door of the victim's car, the assailant repeatedly struck the eye of the victim while demanding the car keys. When the approach of a nearby shopkeeper caused the robbers to halt the attack and flee, they nonetheless absconded with the pocketbook of the victim which contained approximately $150.00 in cash and credit cards. The victim required hospital treatment and

---

1. Appeal No. 02718, Philadelphia, 1982, was a pro se appeal from the verdict of the jury. This pro se appeal was consolidated with the appeal from the judgment of sentence filed by counsel. Since an appeal is not properly taken from a verdict, but only from a judgment of sentence, the *pro se* appeal must be quashed. *Commonwealth v. Barnett*, 293 Pa.Super. 420, 439 A.2d 182 (1981).

x-ray examination for the severe facial injuries she had sustained in the attack, including bruises of the nose and both eyes, one of which was swollen shut for a week. The victim subsequently identified a picture of appellant as the man who had attacked and threatened her from a photographic array which had been assembled by the police.

Appellant was arrested on June 26, 1981, and charged with conspiracy, possession of instruments of crime, possession of offensive weapons, aggravated assault, recklessly endangering another person, terroristic threats, robbery, theft, and receiving stolen property. Appellant presented an alibi defense at trial and both he and his brother testified that appellant was at a picnic at the home of his brother during the period in which the attack at issue occurred. The jury rejected this defense when it found appellant guilty as charged.

Appellant presents the following issues for our review:

    I.   Whether appellant was denied effective assistance of counsel by virtue of his first counsel's failure to investigate appellant's claim of alibi prior to filing a notice of alibi defense.

    II.   Whether appellant was denied effective assistance of counsel by virtue of trial counsel's failure to secure the presence of alibi witnesses at trial.

    III.   Whether there was sufficient evidence to support the verdict for simple and aggravated assault, robbery and recklessly endangering another person.

    IV.   Whether the verdict in the case was contrary to the weight of the evidence.

    V.   Whether the trial court erred in not granting defendant's motion to quash.

    VI.   Whether the trial court erred in not sustaining appellant's objection and permitting cross-examination of appellant concerning the first pretrial alibi notice.

Since the trial judge in his able opinion has quite satisfactorily discussed and properly disposed of the final four issues,

we may limit this opinion to appellant's allegations of ineffective assistance of counsel.

The manner of our review of this issue is well established:

When we study a claim of ineffectiveness of counsel, we first determine whether the claim is of arguable merit. Only if the underlying claim is of arguable merit do we consider whether the strategy chosen by trial counsel has some reasonable basis designed to effectuate the interest of the client. *Commonwealth v. Evans,* 489 Pa. 85, 94, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Kaufman,* 307 Pa.Super. 63, 73, 452 A.2d 1039, 1044 (1982). Our review of the claim that counsel was ineffective is governed by the standard enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967):

[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Id.,* 427 Pa. at 604–05, 235 A.2d at 352–53. (emphasis in original).

*Commonwealth v. Mayfield,* 318 Pa.Super. 450, 453, 465 A.2d 40, 41–42 (1983).

■  Appellant initially alleges that pre-trial counsel rendered ineffective assistance because he failed to independently confirm the alibi information supplied by appellant, before filing this information of record in the Notice of Alibi Defense required by Pa.R.Crim.P. 305(C).[2]  Appellant, in

2.  The prosecuting attorney questioned appellant about the discrepancies between the facts contained in the first Notice of Alibi and the alibi actually testified to by appellant. Appellant explained that he had been confused and had mistakenly supplied pre-trial counsel with his whereabouts on the night following the date on which this incident occurred. When, in preparing for trial, appellant discovered his

effect, urges this Court to rule that counsel must, prior to filing the Notice of Alibi and the specific information which must be set forth therein, interview the alibi witnesses whom appellant has identified so as to confirm that the purported witnesses will corroborate the alleged alibi. Appellant does not cite authority for this proposition. Nor will we create such authority. We distinguish *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976), since the Pennsylvania Supreme Court there found counsel ineffective because he had *discounted* the defendant's version of the crime, and advised him to plead guilty, without the benefit of interview of any of the witnesses who allegedly would have supported the defendant's claims. Here, however, counsel *relied* on the representations of his client and advanced a defense based thereon. We find a claim which suggests that counsel must, in the first instance, disbelieve the assertions of his client, or rely on those representations at his professional peril, to be totally devoid of merit.[3]

█ Appellant next contends that trial counsel failed to secure the attendance of five of the six witnesses listed on appellant's second notice of alibi. The Pennsylvania Supreme Court, in *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975), recognized that the "failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness ..." may constitute ineffective assistance. Trial counsel here, during the course of a sidebar conference, represented to the court that he had unsuccessfully attempted to subpoena four alibi witnesses and that, when they could not be located by an investigator, he sought the help of appellant, who was on bail, to procure

mistake, he advised trial counsel, who filed a second Notice of Alibi. Appellant's trial testimony was consistent with the second alibi notice.

**3.** We note that the issue of ineffectiveness was confined to the failure of counsel to interview witnesses to determine whether they supported appellant's alibi defense *prior* to filing the notice of alibi. Thus we are not faced with a failure by counsel to interview alibi witnesses prior to their presentation of testimony.

their presence. Trial counsel further advised the Court during that conference that a fifth witness, the sister of appellant, who had been properly subpoenaed, failed to appear but that he was presently making efforts to contact her. Counsel then prevailed upon the court to recess for lunch so as to enable him to make further attempts to secure these witnesses. While the record does not contain any references to the success of this endeavor, defense counsel thereafter presented testimony only from the appellant and his brother.

It is true that the record also reveals that:

One witness whom trial counsel allegedly failed to present was the wife of appellant's brother who, himself, appeared as an alibi witness.

Three other witnesses, whose failure to appear was allegedly the result of ineffective representation of trial counsel, were neighbors of appellant's brother.

Neither the alibi testimony of appellant's brother nor of appellant himself included specific reference to the presence at the alibi scene of appellant's sister or of the three neighbors listed upon the alibi notice.

Appellant lives in the same community as those witnesses listed on the alibi notice and was on bail and presumably able to participate in counsel's attempts to procure these witnesses.

These factors might even trigger the observations that appellant and his brother were themselves ineffective in the preparation of a defense and that the failure of family and neighbors to assist in the defense can permit but one inference, namely, the individuals refused to participate in a contrived defense. Nonetheless, since the issue of ineffectiveness has been raised for the first time in this forum, the trial court has not had the opportunity to conduct a hearing and provide findings concerning the reasonableness of counsel's efforts to secure the presence of appellant's alleged alibi witnesses. We, therefore, are compelled to remand this matter for an evidentiary hearing.

It is certain, of course, that on remand, appellant has the burden of demonstrating that counsel was ineffective and must first establish that "the testimony of the absent witnesses would have been helpful in establishing the asserted defense." *Commonwealth v. Leonard,* 499 Pa. 357, 362, 453 A.2d 587, 589 (1982) (citations omitted). Only if, in fact, these witnesses would have provided appellant with alibi evidence, is it necessary for the hearing court to inquire into whether trial counsel "fail[ed] to explore all available alternatives" to procure the attendance at trial of these witnesses. *Commonwealth v. Pittman,* 295 Pa.Super. 234, 238, 441 A.2d 436, 438 (1982) *quoting Commonwealth v. Twiggs, supra.* Counsel is, of course, required only to expend reasonable effort to secure their presence. *Commonwealth v. Ritchie,* 326 Pa.Super. 447, 474 A.2d 324 (1984). If, after the conduct of the hearing, the court determines that trial counsel was ineffective, it may grant appropriate relief. However, should counsel be found to have provided effective representation, the judgment of sentence shall again be imposed, since we have rejected all other assertions of error which would require the grant of a new trial.

Appeal No. 2718 is quashed. Judgment of sentence in No. 2689 is vacated solely to conduct proceedings consistent with this opinion. Jurisdiction is relinquished.